## John Fowley *vs.* Simeon Palmer.

On a bill in equity to redeem land from a mortgage, one condition of which is that the mortgagor shall keep the premises insured in a certain sum for the benefit of the mortgagee, the mortgagee is entitled to be allowed for premiums paid by him for such insurance, which the mortgagor has not obtained; even if the insurance obtained by the mortgagee be "for whom it may concern," and payable to the mortgagee.

Bill in equity to redeem land from a mortgage. The case came before the court upon exceptions to the disallowance, by the master to whom the case was referred to state the account, of certain charges for premiums of insurance on the premises,

paid by the defendant, after entering for breach of condition, under the following circumstances :

One condition of the mortgage was that the mortgagor should " keep the buildings standing on the land aforesaid insured against fire, in a sum not less than twenty five hundred dollars, for the benefit of the said mortgagee, his executors, administrators and assigns, at such insurance office in Boston as he shall approve." The mortgagor did not insure. The mortgagee paid the premiums charged in his account, for two policies of insurance, at different times, by one of which the insurance company caused " Simeon Palmer, for whom it may concern, payable in case of loss to Simeon Palmer, mortgagee, to be insured $2,500 on his " buildings, described; and by the other caused the " estate of Simeon Palmer, for whom it may concern, payable in case of loss to his administrators, to be insured " on the same buildings.

*H. L. Hazelton*, for the defendant.

*A. H. Fiske*, for the plaintiff. The mortgagee has no right to charge for premiums paid for insurance, and so increase the principal of his debt, without express authority, which this mortgage does not give him. *Saunders* v. *Brown*, 5 Pick. 270. *White* v. *Brown*, 2 Cush. 416. *King* v. *State Mutual Fire Ins. Co.* 7 Cush. 1. *Dobson* v. *Land*, 8 Hare, 216. But if this mortgagee had that right, he has not effected this insurance in such form as to protect the mortgagor, but only so as to cover his own interest; and, in case of loss, the money recovered from the insurers would not be applied to reduce his claim, but would be his own gain. 7 Cush. and 8 Hare, above cited.

SHAW, C. J. The court are of opinion that the charges of insurance by the mortgagee, ought to have been allowed; because it was part of the contract of the mortgagor, and a condition of the mortgage, that he would keep the estate insured in a certain sum, for the benefit of the mortgagee, and this was a lawful contract. This distinguishes it from the cases of *White* v. *Brown*, *King* v. *State Mutual Fire Ins. Co.*, and all that class of cases in which a mortgagee insures his own interest in the mortgaged premises, at his own expense. Where, by contract and as

part of the condition of the mortgage, the property is insured at the expense of the mortgagor, the amount recovered in case of fire enures primarily to the benefit of the mortgagee, and is payable to him, but secondarily to the benefit of the mortgagor, by paying and extinguishing his debt *pro tanto.*

In this case, the mortgagor, having failed to comply with his contract and the condition of his mortgage, cannot take advantage of his own wrong in that respect; the mortgagee had a right to get the property insured at the expense of the mortgagor, and charge him with the premium. And we are of opinion that, had there been a loss, and it had been paid by the insurers, the mortgagee must have accounted for it towards the payment of his mortgage debt.

It may be said, that, had there been a loss, and it had been claimed and received by the mortgagee, the mortgagor might not have been able to prove that the mortgagee did it at his expense, so as to hold him to account for the proceeds. It may be more difficult to make proof in such case; but it is a difficulty brought on himself, by failing to perform his contract. And he may have such proof in his power. The mortgagee might have given him notice that upon the mortgagor's own failure, he had caused or would cause the insurance to be made at his expense; or he might give the like notice to the insurance company, which notice, in either case, would seem to be conclusive.

Again; it was one of the conditions of the mortgage, for the breach of which the mortgagor now seeks to redeem his estate, to keep the estate insured, as well as to pay the debt. Both conditions were broken; if the mortgagee had entered for breach of the condition in not keeping the estate insured, and the mortgagor had not redeemed within three years, the estate would have gone for that breach. Now when he seeks to redeem from both breaches, he must pay what is equitably due the mortgagee on account of such breaches; and the amount which the mortgagee has paid for such insurance seems to be, in equity, the measure of the damage which he has sustained by reason of such breach. *Exceptions sustained; report recommitted.*